UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT ASHLAND

Eastern District of Kentucky
F I L E D

NOV 1 5 2016

AT ASHLAND
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

| | | |
|---|---|---|
| L.D. BURNETT, | ) | |
| | ) | |
| Plaintiff, | ) | Action No. 0:16-CV-117-HRW |
| | ) | |
| v. | ) | |
| | ) | |
| KENTUCKY CORRECTIONAL | ) | **MEMORDANDUM OPINION** |
| PSYCHAITIC CENTER, *et al.*, | ) | **AND ORDER** |
| | ) | |
| Defendants. | | |

\*\*\*\*\*   \*\*\*\*\*   \*\*\*\*\*   \*\*\*\*\*

Plaintiff L.D. Burnett is an inmate confined in the Boyd County
Detention Center ("BCDC") located in Catlettsburg, Kentucky. Proceeding
without counsel, Burnett has filed a 42 U.S.C. § 1983 civil rights complaint
[D. E. No. 1; D. E. No. 4 (Page 8 of Complaint)] in which he asserts various
constitutional claims against the Kentucky Correctional Psychiatric Center
("KCPC"), two KCPC psychiatrists,[1] and the Kentucky Department of
Corrections, in Frankfort, Kentucky. Burnett, who is a pre-trial detainee
facing felony criminal charges in the Boyd County Circuit Court,[2] alleges

---

[1] Burnett identifies these defendants as "Dr. Hackman" and "Dr. Amy Truette." [D. E. No.
1, p. 1] On page one of his complaint, Burnett incorrectly identified Dr. Amy Truette as the
Commissioner of the KDOC, *see id.*, p. 1, § II (B), but later identified her as a psychiatrist
at the KCPC. *See id.*, P. 2, § II (C). The KDOC's website reveals that the current
Commissioner of the KDOC is Rodney Ballard. *See*
http://corrections.ky.gov/DEPTS/Pages/Commissioner%27sOffice.aspx#a (last visited on
November 2, 2016).

[2] The publically available records from the Boyd County Circuit Court reveal that Burnett
has been charged with First Degree Assault, and that on October 28, 2016, an order was
entered scheduling a pre-trial conference in that proceeding for December 9, 2016, at
11:00a.m. *Commonwealth of Kentucky v. L.D. Burnett*, No. 15-CR-262-001 (George W.

that while undergoing an evaluation at the KCPC, the defendants improperly discontinued his prescribed medications and thus demonstrated deliberate indifference to his serious medical needs; that their actions or omissions caused him to suffer physical harm, hallucinations, pain and suffering; and that their actions or omissions caused him to engage in dangerous suicidal conduct, all of which amounted to cruel and unusual punishment. [D. E. No. 1] Burnett demands $1,000,000 in damages from the defendants. *See* D. E. No. 4. Because Burnett is a pre-trial detainee, his claims alleging cruel and unusual punishment and deliberate indifference fall under the Fourteenth Amendment of the U.S. Constitution, which applies to state defendants.

The Court conducts a preliminary review of Burnett's § 1983 complaint because he asserts claims against government officials, and because he has been granted *in forma pauperis* status in this action. 28 U.S.C. §§ 1915(e)(2); 1915A. In such cases, a district court must dismiss any action which (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. *Id.* Because Burnett is proceeding without an attorney, the Court liberally construes his claims and

---

Davis, III, Boyd Circuit Judge, Div. I, presiding)

accepts his factual allegations as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

But as explained below, Burnett's § 1983 claims asserted against the KCPC and the KDOC will be dismissed with prejudice, and his § 1983 claims asserted against KCPC officials Dr. Hackman and Dr. Amy Truette will be severed from this proceeding and transferred to the United States District Court for the Western District of Kentucky, Louisville Division, for all further disposition.

### DISCUSSION
### 1.§ 1983 Claims Against the KDOC and the KCPC

Burnett seeks substantial damages from both the KDOC and the KCPC, but he cannot recover damages from either of these state government entities. To state a § 1983 claim, a plaintiff must allege that a "person" acting under color of state law deprived the plaintiff of a right secured by the Constitution or federal law. *See* 42 U.S.C. § 1983. The KDOC is a department within the Justice and Public Safety Cabinet of the Commonwealth of Kentucky. *See* Exec. Order No. 2004–730 (July 9, 2004); Ky. Rev. Stat. Ann. § 12.250. It has long been established that a state and its agencies are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). Because the KDOC is not a "person" under §

1983, Burnett fails to state a cognizable claim form money damages against the KDOC.   Burnett's § 1983 claims seeking money damages from the KDOC must be dismissed for failure to state a claim upon which relief can be granted.  28 U.S.C.  §§ 1915(e)(2)(ii).

Additionally, the Eleventh Amendment[3] bars all claims for relief against the KDOC. A state and its agencies, such as the KDOC, may not be sued in federal court, regardless of the relief sought, unless the state has waived its sovereign immunity under the Eleventh Amendment or Congress has overridden it. *Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993) (recognizing that suits against states and state agencies "are barred regardless of the relief sought"); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 124 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978). The Commonwealth of Kentucky has not waived its immunity, *see Adams v. Morris*, 90 F. App'x 856, 857 (6th Cir. 2004), and in enacting § 1983, Congress did not intend to override the traditional sovereign immunity of the states. *Will*, 491 U.S. at 66; *Whittington v. Milby*, 928 F.2d 188, 193-94 (6th Cir. 1991) (citing *Quern v. Jordan*, 440 U.S. 332, 341 (1979)); *Smith v. Dep't of Corr.*, No. 5:06-CV-P72-R, 2007 WL

---

[3]  The Eleventh Amendment to the United States Constitution provides, "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."

2460993 (W.D. Ky. Aug. 24, 2007) (dismissing prisoner-plaintiff's § 1983
claims for money damages against KDOC based on Eleventh Amendment
immunity). For this additional reason, Burnett's § 1983 claim for money
damages against the KDOC will be dismissed with prejudice, because the
KDOC is immune from such relief. 28 U.S.C. § 1915(e)(2)(iii).

The same results obtain with respect to Burnett's claims for money
damages from the KCPC. The KCPC is physically located in, and conducts
its business from, the Luther Luckett Correctional Complex located in
LaGrange, Kentucky 40031, in Oldham County, Kentucky.[4]    But the
KCPC's operations fall under the auspices and authority of the
Commonwealth of Kentucky's Cabinet for Health and Family Services. *See*
908 KAR 3:160 "Policies and procedures of Kentucky Correctional
Psychiatric Center."

The mission of the KCPC is to provide "…professional objective and
thorough forensic pretrial evaluations for the judicial system and quality
inpatient psychiatric services of persons charged with or convicted of felony
offenses."    *See* http://dpa.state.ky.us/library/manuals/mental/Ch12.html,

---

[4]
The Luther Luckett Correctional Complex "…is unique in that it actually houses two
separate institutions. The Kentucky Correctional Psychiatric Center operated by the Health
and Family Services Cabinet. The two facilities share a number of resources and operate
under   a   written   shared   services   agreement."   *See*
http://corrections.ky.gov/depts/AI/LLCC/Pages/AboutLLCC.aspx (last visited on November
2, 2016).

("Pre Trial Evaluation Program Kentucky Correctional Psychiatric Center," by Gregory S. Taylor) (last visited on November 2, 2016).

Thus, as a division of the Commonwealth of Kentucky's Cabinet for Health and Family Services, the KCPC is entitled to the same immunity from suit and Eleventh Amendment protection from § 1983 claims for damages as that enjoyed by the KDOC. *See Dickerson v. Kentucky Correctional Psychiatric Center*, No. 3:15-CV-P724-DJH, No. 2016 WL 270460, at *2 (W.D. Ky. Jan. 19, 2016) (dismissing prisoner-plaintiff's § 1983 claims for money damages against KCPC based on Eleventh Amendment immunity). Again, under the Eleventh Amendment, states and state agencies are immune from suit in federal court, and are not "persons" subject to suit under § 1983. *Will*, 491 U.S. at 71. Thus, KCPC is also absolutely immune from § 1983 liability, and the Court will dismiss with prejudice Burnett's § 1983 claims for money damages against the KCPC.

### 2. § 1983 Claims Against Two KCPC Psychiatrists

Having dismissed with prejudice Burnett's § 1983 claims against the KDOC and the KCPC, only two individually named defendants, "Dr. Hackman" and "Dr. Amy Truette," remain in this action. As previously discussed, Burnett identified these two defendants as psychiatrists employed at the KCPC. As also previously noted, the KCPC is physically located in

the Luther Luckett Correctional Complex in LaGrange, Kentucky,[5] in Oldham County Kentucky.    Any officials/employees of the KCPC presumably work and reside in Oldham County, Kentucky, not in this district.    Further, the alleged actions and constitutional violations about which Burnett complains occurred at KCPC facility which is physically located in the Luther Correctional Complex, in Oldham County Kentucky, not in this district.    *See* 28 U.S.C. § 1391(b).    Oldham County, Kentucky, falls within the territorial jurisdiction of the United States District Court for the Western District of Kentucky, Louisville Division.    28 U.S.C. § 97(b).

Title 28 U.S.C. § 1404(a) permits a district court to transfer a civil action under certain circumstances.[6]    Having dismissed the § 1983 claims asserted against the one defendant located in this district (*i.e.*, the KDOC, a state agency with its offices located in Frankfort, Kentucky), the Court determines that under Federal Rule of Civil Procedure 21,[7] severing and

---

[5]

Luther Luckett Correctional Complex is located at Dawkins Road, Box 6, LaGrange, Kentucky 40031.    *See* http://corrections.ky.gov/depts/AI/LLCC/Pages/default.aspx (last visited on November 2, 2016).

[6] Title 28 U.S.C. § 1404(a) provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.

[7] Federal Rule of Civil Procedure 21 provides:

> Misjoinder of parties is not ground for dismissal of an action. **Parties may**

transferring Burnett's remaining § 1983 claims against Dr. Hackman and Dr. Amy Truette (KCPC employees/officials from whom Burnett appears to be seeking money damages in their individual capacities), will promote the interests of justice and the convenience of parties, because the United States District Court for the Western District (at Louisville) is the proper venue for any claims asserted against any officials employed by the KCPC.

"As with any case in federal court, [the severed action] may be transferred under appropriate circumstances.... Indeed, the fact that a claim might be subject to transfer to a more appropriate venue is a valid reason to order severance." *Michaels Bldg. Co. v. Ameritrust Co., N.A.*, 848 F.2d 674, 682 (6th Cir. 1988); *see also Jones v. Pancake*, Civil Action Nos. 3:06CV-P188-H; 3:07CV00634-JGH; 0:07-cv-00111, 2007 WL 4104568, at *3 (W.D. Ky. Nov. 14, 2007) (concluding that ".... the most economical and just manner in which to proceed is to sever Plaintiff's claims against Defendants Motley and Rees and then transfer them to the Eastern District of Kentucky, where venue over the claims is most appropriate. *See* 28 U.S.C. § 1404(a).").  A motion for transfer of venue is not required, and the court may

---

be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just. Any claim against a party may be severed and proceeded with separately.

Fed. R. Civ. P. 21 (emphasis added)

enter a transfer order *sua sponte*.  *Carver v. Knox County Tennessee*, 887 F.2d 1287, 1291 (6th Cir. 1989).

Therefore, Burnett's § 1983 claims asserted against the two individually named defendants, Dr. Hackman and Dr. Amy Truette, in their individual and/or official capacities, will be severed from this action, pursuant to Federal Rule of Civil Procedure 21, and transferred to the proper venue, which is the United States District Court for the Western District of Kentucky, Louisville Division, for all further disposition.

## CONCLUSION

Accordingly, **IT IS ORDERED** that:

1.      Plaintiff L. D. Burnett's 42 U.S.C. § 1983 claims against the Kentucky Correctional Psychiatric Center, in LaGrange Kentucky, and the Kentucky Department of Corrections, in Frankfort, Kentucky, are **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief can be granted, and because these state agency defendants are immune from damages in § 1983 proceedings.  28 U.S.C. § 1915(e)(2)(ii) and (iii).

2.      The Court will enter an appropriate Judgment in favor of Defendants the Kentucky Correctional Psychiatric Center and the Kentucky Department of Corrections.

3. Burnett's 42 U.S.C. § 1983 constitutional claims asserted against Dr. Hackman and Dr. Amy Truette, (employees/officials of the Kentucky Correctional Psychiatric Center in LaGrange, Kentucky), in their individual and/or official capacities, are **TRANSFERRED** to the United States District Court for the Western District of Kentucky, Louisville Division, for all further disposition. The Clerk of the Court shall **TAKE** the necessary administrative steps to effectuate the transfer of Burnett's § 1983 claims asserted against these defendants (set forth in D. E. No. 1 and D. E. No. 4) to the United States District Court for the Western District of Kentucky, Louisville Division.

4. This proceeding is **DISMISSED** and **STRICKEN** from the Court's docket.

This November 15, 2016.



Signed By:
*Henry R. Wilholt, Jr.*
United States District Judge